HERRON LUMBER COMPANY v. NEAL.

4-7104 172 S. W. 2d 252

Opinion delivered June 21, 1943.

·1094

*Bridges, Bridges & Young* and *Henry W. Gregory, Jr.,* for appellant.

*Curtis L. Ridgway* and *Jay M. Rowland,* for appellee. .

Robins, J. Appellants, Herron Lumber Company, and its insurance carrier, Hartford Accident & Indemnity Company, by this appeal challenge the correctness of the judgment of the Garland circuit court affirming an award made by the Arkansas Workmen's Compensation Commission in favor of the widow and minor children of Ben Neal.

Neal was a laborer employed at the sawmill of the lumber company near Hot Springs, Arkansas. About the middle of the afternoon of July 3, 1941, he attempted to turn with·a cant hook a large, crooked, knotty saw log. He had almost succeeded in turning this log when it rocked back toward him, as if its weight was too great for him to handle successfully, and the handle of the cant hook was jerked out of his hand. While he was apparently overbalanced, Neal did not fall entirely, but motioned for another workman to come and help him. After this incident, and before he quit work, he complained of pain, saying that he believed he had hurt himself, and while he was driving home he complained again of a pain in the stomach. His wife, when she returned home between 6 :00 and 7 :00 o'clock, found him suffering greatly at·that time and he collapsed shortly thereafter. A doctor was called, but instead of coming to see Neal, sent a sedative for him to take. Neal continued to suffer all night and next morning was taken to the doctor's office, from where he was sent to a hospital. He was operated on by Dr. Jett Scott, assisted by Dr. H. K. Wright, on the afternoon of July 4, 1941. Neal died on the following day from peritonitis caused, as testified

to by his surgeons, by a rupture of a gastric ulcer near the lower end of his stomach.

The Workmen's Compensation Commission found that Neal died as a result of an accidental injury received on July 3, 1941, that arose out of and in the course of his employment, and awarded the widow, for the benefit of herself and two minor children, the sum of $8.25 per week from July 5, 1941, subject to the limitations and provisions of the Arkansas Workmen's Compensation Act (Act No. 319 of 1939) and ordered appellants to pay funeral expenses of the deceased, not to exceed the sum of $250.

It is urged by appellee that, while time for filing bill of exceptions was given in the order of the circuit court overruling motion for new trial, no bill of exceptions was ever approved by the trial court, nor was any bill of exceptions filed. It is accordingly insisted by appellee that the transcript filed in this court does not contain the proper record necessary for a determination of this appeal by us. We cannot agree with this contention. The record shows that an authenticated transcript of the evidence adduced before the Workmen's Compensation Commission and of the award of the commission was duly filed in the circuit court. The judgment of the lower court recites that the cause was submitted to the court upon this transcript. Section 25 of the Arkansas Workmen's Compensation Act provides that the duly certified transcript of the evidence heard by the commission, and of the findings and award of the commission, shall "become the record in the cause." Under this provision of the statute a bill of exceptions on appeal to this court was not necessary, since the cause was tried in the circuit court upon the record made before the commission, and a copy of this record, properly authenticated, has been filed in this court as a part of the record made in the lower court.

For reversal of the judgment of the lower court it is urged that the evidence was insufficient to establish that Neal's death resulted from an accidental injury arising out of and in the course of his employment. It is insisted

by appellants that his death was caused by the rupture of a gastric ulcer, which could have been brought about by some cause other than injury received during his work. It is not argued by appellants that the fact that Neal had a gastric ulcer which might rupture at any time precluded an allowance of the claim, nor was such a defense available. "Injury from strain or overexertion due to a physical condition predisposing the employee to injury is an injury within the terms of the various workmen's compensation acts . . ." 71 C. J., p. 607.

The uncontradicted testimony shows that Neal was thrown off his balance and lost hold of the cant hook while attempting unassisted to turn a very heavy, crooked and knotty log; that he immediately complained of the pain in his stomach, continued to complain of this pain while he was working thereafter, complained of the pain as he was driving home from work a few hours later, and continued to complain of severe pain in his stomach all night, and until he was carried to a doctor the following morning. While, according to the testimony of the physicians, this gastric ulcer had been in existence for some time, his wife testified that he had not before had any trouble with his stomach, had been eating the same food as that eaten by the remainder of the family, and had worked regularly up to the day on which it was alleged he suffered the injury.

Dr. Wright, to whose office Neal was taken the morning of July 4, 1941, and who assisted in the operation on Neal, testified that in his opinion the gastric ulcer had been ruptured for twelve or fifteen hours, indicating that the rupture occurred some hours after the time Neal apparently suffered a strain while trying to turn the log; that, under certain circumstances, a person could suffer such a rupture and continue work for two or three hours thereafter; that Neal told him the pain developed while he was working; that, taking into consideration the history of the strain suffered by Neal, he believed that it had something to do with the rupture; that pain does not necessarily precede an ulcer that is about to rupture; that a strain such as Neal had might cause a rupture. The following question and answer ap-

pear in the record of Dr. Wright's testimony: "Q. (By Commissioner Smith) Let's put it this way, it has been testified to that this man was rolling this log about three o'clock, and that he got the log up on a knot and it turned back on him, throwing considerable weight on him, and that a few minutes thereafter he complained of pain in his stomach, but he continued to work the remainder of the evening, and shortly after he got home, around six o'clock, the pain became so intense that they sent a party to you to get medicine, and you know the story from then on. Would you say that under those circumstances that this strain was the cause of the rupture? A. I would."

Dr. Scott, the surgeon who performed the operation on Neal, testified that, while it was difficult to conceive how a person could walk after suffering a rupture of a gastric ulcer, yet, the deceased, on the day of the operation, actually walked from his car onto the elevator and into Dr. Wright's office. Dr. Scott attributed the pain complained of by the deceased after turning the log to the fact that ulcers that are about to rupture come in contact with the outer covering of the stomach, which is very sensitive, and this would cause pain previous to the actual breaking of the ulcer. He testified that he was unwilling to say that the strain did not have anything to do with the rupture because he did not know for sure; that the most likely cause of a rupture was a distended stomach.

Another physician, who did not attend Neal, testified, in answer to hypothetical questions, that ruptures occur spontaneously more often than in any other way; that there were cases on record where stomach ulcers had ruptured through some violence or muscle strain or contraction, such as sneezing or straining at stool, or some sudden blow; that in his opinion the rupture in Neal's stomach did not occur until after he reached his home, and that a strain would not cause a perforation of a gastric ulcer.

In support of their contention that the award by the commission should be set aside for lack of evidence to

support it, appellants cite the cases of *Citizens Coal Mining Company* v. *Industrial Commission,* 303 Ill. 415, 135 N. E. 753, and *Kelly* v. *International Motor Company,* 205 App. Div. 737, 200 N. Y. S. 805. In the Citizens Coal Mining Company case the evidence showed that the deceased worked in a mine for two months after the alleged injury occurred, and that his death followed an operation which disclosed a cancer of the stomach and a perforation of the colon. In the Kelly case it appeared that the deceased received an injury to his back on April 18, and on May 3 was operated on for appendicitis and death followed from a ruptured gastric ulcer. The dissimilarity between those cases and the case at bar is apparent. In each of those cases the deceased person worked for a considerable length of time—in one case two months and in the other case over two weeks—before the condition alleged to have resulted from injuries was disclosed by operation. But here it is shown by the undisputed testimony that Neal complained of pain immediately after he suffered the strain, and this pain apparently continued thereafter. The testimony of Dr. Wright, who assisted in the operation, as to the length of time this rupture had been in existence, indicates that the rupture occurred after the time Neal complained of the pain when he was thrown off balance by the log rocking back on him.

In all cases of this kind it is difficult to show with certainty the exact cause of death, and we do not believe that it is required by the law that the claimant should be compelled to prove the alleged cause of death to a mathematical certainty. The California Supreme Court, in the case of *Pacific Employers Ins. Co.* v. *Industrial Accident Commission,* 19 Cal. 2d 622, 122 P. 2d 570, 141 A. L. R. 798, lays down this rule: "Circumstantial evidence is sufficient to support an award of the commission, and it may be based upon the reasonable inferences that arise from the reasonable probabilities flowing from the evidence; neither absolute certainty nor demonstration is required."

The rule as to the *quantum* of proof necessary to sustain an award in a case of this kind is thus expressed

in 71 C. J., p. 1087: "In determining the sufficiency of evidence, doubts should be resolved in favor of claimant, and the evidence should be reasonably and liberally construed in his favor."

Section 25 of the Arkansas Workmen's Compensation Act, which authorizes a review in circuit court of an award made by the commission, provides: "Upon appeal no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: 1. That the commission acted without or in excess of its powers; 2. That the award was procured by fraud; 3. that the facts found by the commission do not support the award; 4, that there was not sufficient competent evidence in the record to warrant the making of the award."

It is not insisted that the commission acted without or in excess of its powers, or that the award was procured by fraud, or that the facts found by the commission do not support the award. The circuit court, upon review of the testimony, held that there was sufficient competent evidence in the record to warrant the making of the award by the commission.

In view of the fact that it was proved that while Neal was doing his work he suffered a strain, which might cause a rupture of a gastric ulcer; that from the time the strain occurred he continuously had pain in the region of his stomach; that an operation on the day following the strain disclosed a rupture of a gastric ulcer that had taken place after the time the strain occurred, and that his death was caused by peritonitis resulting from this rupture, we cannot say, as a matter of law, that the judgment of the lower court affirming the award of the Workmen's Compensation Commission is without sufficient evidence to sustain it. The judgment of the lower court is accordingly affirmed.

GRIFFIN SMITH, C.J., and KNOX, J., dissent.