MURCH-JARVIS COMPANY, INC., v. TOWNSEND.

4-7864                                    193 S. W. 2d 310

Opinion delivered March 25, 1946.

*Hill, Fitzhugh & Brizzolara,* for appellant.

*R. B. Chastain,* for appellee.

MILLWEE, J. This is an appeal from the judgment of the Sebastian circuit court affirming an award made by the Workmen's Compensation Commission in favor of appellee, Robert A. Townsend, for temporary, total disability suffered by appellee in June, 1944, while engaged in the employ of appellant, Murch-Jarvis Co., Inc., in Fort Smith, Arkansas.

Appellee began work for the company in November, 1943, as a labor foreman in construction work. In April or May, 1944, he was assigned the duty of making an excavation in a room of a zinc smelter for the purpose of installing a tank. There were two or three belts running through the room for the purpose of conveying ore from the room where it was dried to the mixing room. These belts were constantly in operation during a period of six to eight days when appellee's work was confined

exclusively to the room, resulting in his exposure to and inhalation of dust which was carried into the room by the conveyor belts. At the same time, appellee and other employees were exposed to sulphur fumes which came from the mixing room. Another employee who worked in the room with appellee for four hours refused to continue because of these conditions and was assigned to another job.

Appellee developed a cough and irritation in his throat and bronchial tubes while working in the smelter room. He was first treated by his family physician, Dr. Eberle, in May and was referred by his employer and the commission to other doctors for examination and treatment. These doctors either reported their findings to the commission or testified in the case. In June, 1944, after his condition grew progressively worse, appellee became unable to work and filed his claim for disability compensation. The insurance carrier made payments of $20 per week for nine weeks and until August 22, 1944, when such payments were discontinued.

On January 26, 1945, the employer and insurance carrier filed their notice of intention to controvert appellee's right to further compensation in which they denied that appellee had received any injury, and alleged that if he received any injury or incurred any disease, he had long since recovered therefrom.

A hearing before the referee on January 31, 1945, resulted in an award for total and temporary disability, and appellants were required to resume disability payments at the rate of $20 per week from August 22, 1944. Trial before the full commission resulted in a similar award which was affirmed by the circuit court on appeal.

The commission made an exhaustive and detailed statement of the facts which do not seem to be seriously disputed. The report of Dr. Kellum, dated June 19, 1944, contained findings as to appellee's condition as follows: ''Irritate bronchitis caused from dust and sulphur fumes. (Nose and throat are almost normal—no cold. I am of the opinion that dust and sulphur fumes are the cause

of his present complaint.)'' The report of Dr. A. A. Blair is dated September 5, 1944, and states that appellee was able to resume work on August 22, 1944. It was evidently on the basis of this report that weekly compensation payments were terminated by appellants. The report described the condition of appellee as bronchial asthma and continues, ''Patient discharged for work, but was advised not to go back to dust and smoke of previous work as this is thought to aggravate his condition.''

Dr. Charles T. Chamberlain, who examined appellee at the request of the insurance carrier, diagnosed his condition in part as follows: ''Chronic Sinusitis; Chronic bronchitis; arterial hypertension; chronic vascular rephritis. . . . In our opinion, the cause of this patient's condition cannot be reasonably held to be the alleged exposure to the dust and fumes which he encountered during the course of his employment in June, 1944. It is true, however, that irritating dust particles and chemical fumes could have served as aggravating factors. . . .''

By agreement of the parties, appellee was referred by the commission to Dr. A. F. Hoge for examination on March 9, 1945. The doctor's report reveals a thorough examination and case history from which the following conclusions were reached: ''Mr. Townsend is suffering from bronchial asthma with associated bronchitis, hypertension and hypertensive heart disease.

''Reference is made to bronchial asthma and bronchitis which is the immediate disabling factor in this case. It is noted that this man enjoyed good health and does not give a history of having had any attacks prior to employment with the smelter plant. Assuming this statement to be correct, it is reasonable to infer that the exposure to dust incident to his occupation in the smelter was the exciting cause of the bronchial asthma and associated bronchitis.

''Assuming this, if it were shown that the man was subject to asthmatic attacks prior to his employment at the smelter plant, it is reasonable to assume that the exposure to the dust aggravated the condition. It is com-

mon knowledge that many asthmatics or people who develop chronic bronchial asthma may continue to have asthma long after the original exciting cause has been eliminated. . . . It may cóntinue indefinitely even though no further exposure to the original exciting cause takes place.''

A supplemental report of May 10, 1945, by Dr. Hoge states that appellee did not have silicosis or asbestosis.

It will be noted that there is some conflict in the medical testimony as to whether appellee's employment and exposure to the dust and fumes actually caused the bronchial trouble, or aggravated a pre-existing diseased condition which resulted in disability. The commission apparently adopted the opinion of Dr. Chamberlain and found that appellee suffered an accidental injury by reason of inhalation of dust and fumes in the course of his employment, which injury aggravated a pre-existing condition and resulted in total, but temporary, disablement. Appellants do not dispute the findings of the commission that there was an aggravation of a pre-existing disease, but do urgently insist that appellee did not suffer an accidental injury within the meaning of the Workmen's Compensation Law.

Our act (Act No. 319 of 1939) provides that ''injury'' and ''permanent injury'' shall mean: ''accidental injury or death arising out of and in the course of employment, and such occupational disease or occupational infection as arises naturally out of such employment or as naturally and unavoidably results from such accidental injury as hereinafter defined.'' The term ''accident'' is not defined in the Act, but there are certain designated occupational diseases to which the Act is made applicable. None of the pre-existing diseases suffered by appellee are classed as occupational diseases under the Act.

''The term 'accident,' as used in a compensation act requiring the injury compensated for to be by 'accident,' is usually held to be employed in its ordinary sense as meaning an unlooked-for and untoward event which is not expected or designed. . . . The term 'accidental'

when used in compensation acts to indicate the type of injury for which compensation may be had has likewise been held to mean something unusual, unexpected, and undesigned; so, in the same way, the words 'accidental injury.' . . .'' 71 C. J., pages 566-8.

There are numerous cases from other jurisdictions holding that a disease, or an aggravation thereof, resulting from inhalation of dust particles or fumes may constitute an accident, or injury, within the meaning of the particular act involved. However, there is a lack of harmony and uniformity in the decisions on the subject. Many of these cases are collected in the annotations in 62 A. L. R. 1460, 90 A. L. R. 619, and 97 A. L. R. 1412. See, also, 71 C. J., Workmen's Compensation Acts, § 344; and Schneider, Workmen's Compensation Text, Vol. 4, Perm. Ed., § 1346. The apparent conflict in many of the cases may be explained by the different factual situations involved, and difference in construction of the particular act. Our own cases are committed to the rule that an aggravation of a pre-existing diseased condition resulting in death or disability is compensable, if caused by an accidental injury that arises out of and in the course of employment. *Herron Lumber Co.* v. *Neal,* 205 Ark. 1093, 172 S. W. 2d 252; *McGregor & Pickett* v. *Arrington,* 206 Ark. 921, 175 S. W. 2d 210; *Harding Glass Co.* v. *Albertson,* 208 Ark. 866, 187 S. W. 2d 961. In *Sturgis Bros.* v. *Mays,* 208 Ark. 1017, 188 S. W. 2d 629, we affirmed the commission's holding that an accidental injury to the physical structure of the body need not be the result of external violence, but may result internally from overexertion.

Appellants insist, however, that appellee did not suffer an accidental injury because no definite date or occasion can be fixed as to when the aggravation happened. Schneider, in his Workmen's Compensation Text, Vol. 4, Perm. Ed., page 387, has this to say on the question: ''Diversity of opinion exists as to what constitutes the customarily required definite time and place of an accident. On this question the expressions of the courts vary from the statement that 'accidents do not happen

all day' to decisions to the effect that it may require as much as six months for an accident to culminate in a disabling injury. A reasonably definite time is all that is required. A certain fixed and definite event or occurrence is required from which time can be calculated. 'No stated period can be given as sudden as applied to each case, each must naturally depend on its own circumstances.' . . .''

In *Lea Mathew Shipping Corp.* v. *United States Employees' Comp. Com.*, 56 F. 2d 860, where the inhalation of dust from shoveling copper ore over a period of several days aggravated the pre-existing disease of bronchiectasis, the resulting disability was held to be an "injury" under the Longshoremen's and Harbor Workers' Compensation Act. The Missouri court, in *Vogt* v. *Ford Motor Company*, 138 S. W. 2d 684, held asthma to be a compensable accident where it was contracted over a four months' period from paint dust. The injury was held accidental where an employee of a tannery assisted in unloading a car of dry hides and his throat became infected from the dust arising from the hides so that it was swollen the next day and gradually grew worse. *Dove* v. *Alpena Hide & Leather Co.*, 198 Mich. 132, 164 N. W. 253.

Appellants rely on the case of *Kentucky Stone Co.* v. *Phillips*, 294 Ky. 576, 172 S. W 2d 216, where claimant suffered permanent disability by reason of breathing stone dust in the course of his employment over a long period of years. The Kentucky statute did not provide compensation for occupational diseases and the court said: "It seems rather incongruous to say that an injury caused by breathing dust over a period of years is an accidental injury. To hold such an injury accidental would practically nullify the statute in this regard and open the door to compensation of occupational diseases, a result clearly not contemplated by the statute." It was indicated by the court that the result would have been different, if the injury producing the disease had been traceable to a more definite time and place.

The Kentucky case is clearly distinguishable from the case at bar on the facts. There is no proof here that appellee was exposed to dust and fumes during the course of his employment over a period of years. Appellee had been working for the company only six months, and it is not shown that he ever before had to work under the conditions existing at the time he entered the dust-laden room in May, 1944. While there is some confusion in the testimony on the point, there is substantial evidence to support the commission in finding that inhalation of the dust and fumes over a period of several days culminated in total disablement of appellee five or six weeks later. We think the proof meets the requirement that a reasonably definite time and place of accident be shown, and that the commission correctly held that the disablement of appellee resulted from an accidental injury within the meaning of the Workmen's Compensation Law.

Appellants also insist that if appellee sustained an accidental injury he is not entitled to the full allowance for total disability awarded by the commission, but his compensation is limited, as provided in § 14, par. 3, of the Act, to such proportion only of the compensation as would be payable if the disease or personal injury were the sole cause of the disability, the reduction being the proportion attributable to the other causes of disability. This section of the Act seems to be applicable only when an occupational disease is involved and, as has already been pointed out, none is involved in this case. However, if it be conceded that the section is applicable, there is no evidence in the record upon which a proportional limitation or reduction of the award could be based, and appellants failed to develop the case on the theory that this section of the act was applicable. Under the circumstances, appellants must be held to have waived their right to insist upon the applicability of this provision of the act.

The judgment of the trial court affirming the decision of the Compensation Commission is correct, and it is, therefore, affirmed.