NOLEN v. WORTZ BISCUIT COMPANY.

4-7936                                          196 S. W. 2d 899

Opinion delivered October 7, 1946.

Rehearing denied November 11, 1946.

*Chas. X. Williams* and *Paul X. Williams,* for appellant.

*Hardin, Barton & Shaw,* for appellee.

ED. F. McFADDIN, Justice. This appeal necessitates a decision as to the scope of the evidence to be considered

on the question of dependency under § 15(h) of the Arkansas Workmen's Compensation Law, which is Act 319 of 1939.

Dorothy Nolen, a single woman 18 years of age, was an employee of the Wortz Biscuit Company at Fort Smith, and she died on December 30, 1944, as a result of burns received in and arising out of her employment. Appellants, the father and mother of Dorothy Nolen, filed claim for partial dependency under the Workmen's Compensation Law. The claim was resisted by appellees, being Wortz Biscuit Company, and the company carrying its compensation insurance. The Workmen's Compensation Commission, after extensive hearings, held that the parents had failed to prove dependency; and thus disallowed the claim. The circuit court affirmed the Commission, and the cause is here on appeal.

The appellants claim that the finding of the Commission shows on its face that the Commission refused to consider certain evidence, which appellants claim to be admissible on the question of dependency.

The Nolen family consisted of W. D. Nolen, his wife and their three children: being Dorothy (the deceased); Arzell, a son, aged 16; and Mary Lee, a daughter, aged 13. The family lived in Logan county, near the community of Sugar Grove, some distance from Fort Smith. Mr. Nolen was, and for many years had been, a tenant farmer, owning one team and cultivating about 35 acres. Dorothy finished the 8th grade, and then—on account of the family finances, and also because of the poor health of her mother and father—became the main "field hand" of the family, and also did the family washing, ironing and cooking. She became 18 years of age on September 20, 1944; but continued to assist the family, just as she had always done. She helped gather the crop in the fall of 1944; and then, in November of that year, she went to Fort Smith to work for the Wortz Biscuit Company, with the avowed purpose of supplementing the family income. Her father also went to Fort Smith and worked for a short time for the same purpose; and—in

addition to her work—Dorothy cooked his meals for him while he was there.

On each week-end Dorothy went home to Sugar Grove; and on each trip took articles of clothing for her brother and sister, and also some food. The sister, Mary Lee, was in school; and each week Dorothy gave Mary Lee the money with which to buy her lunches at school. The brother, Arzell, was not in school due to lack of family finances, but Dorothy also gave him a dollar each week. It is true that the amounts of money were small, and the articles of clothing (scarf, sweaters. socks and hair ribbons) were inexpensive; yet, at the same time, they were substantial and essential to the family finances. On several occasions when Dorothy returned to Fort Smith on Sunday afternoon, she took eggs and other farm provisions from the home, and gave her mother the cash for these items. Dorothy had drawn $15 from the family funds with which to start herself in Fort Smith, and she repaid this amount. She worked for the Wortz Biscuit Company for the seven weeks immediately preceding her death.

A week after Dorothy's death, an adjuster for the insurance carrier obtained a signed statement from Dorothy's mother, in which Mrs. Nolen stated, concerning Dorothy, *inter alia*:

"She was making her way, that is, she was making enough to get on by herself while she worked up at the biscuit company, and she was only dependent upon me and my husband up until she went to work at the biscuit company. No one in my family was dependent upon her at all while she was working for this biscuit company, but she would have helped us if we would have asked her to help us."

In her testimony before the Commission, Mrs. Nolen stated that she did not understand the statement she had given the adjuster; and that the adjuster told her that if she signed the statement, she would get $7,000, and if she failed to sign the statement, she would get nothing. Other witnesses corroborated Mrs. Nolen to the effect that the adjuster obtained the statement by deceit.

On the other hand, the adjuster's testimony is that Mrs. Nolen made the statement of her own will, and without the adjuster making any promises or threats, or practicing any deceits.

There were many witnesses who testified as to Dorothy's aid to her family before she went to Fort Smith in November, but the effect of the Commission's ruling was to exclude all such evidence in determining the question of dependency; for the Commission said in its conclusions:

"The evidence before the Commission is that Dorothy Nolen was raised on a farm; that she assisted her father in his farm work and because of her mother's ill health, did the greater part of the household work. The record is replete with testimony that she was a good, dutiful girl, discharging in full her filial duties to her parents. There is no doubt that her assistance was of value to them and that it lightened their burden. With full sympathy, however, we must state that we are not dealing in the case of Dorothy Nolen the farm girl, but are concerned with her after she became an employee of the Wortz Biscuit Company. The Workmen's Compensation Act gives this Commission jurisdiction only where the status of employer and employee exists. . . .

"Had Dorothy Nolen given up her employment in Fort Smith and returned to her farm home, undoubtedly she would have taken up her old farm duties and been of the same assistance to her family as she had been prior to going to Fort Smith. But as heretofore stated, this Commission is concerned only with her status as an employee of the Wortz Biscuit Company and with any contributions for the support of her family that she may have made while such an employee and the reliance of the family upon her for support during such period. The Arkansas Workmen's Compensation Act provides that all questions of dependency must be determined as of the time of the injury."

It is clear from these excerpts that the Commission considered only as competent and admissible that part of the evidence which dealt with what Dorothy Nolen

contributed to the support of the family after she went to work for the Wortz Biscuit Company, and that the Commission ignored and refused to consider any evidence of what services and money she contributed to the family before she went to Fort Smith in November. We hold this exclusion to be an error which necessitates a reversal of the cause. The Commission, in failing to give consideration to such evidence, acted "without or in excess of its powers", which is one of the grounds on which this court may reverse the Commission under § 25(b) of the Workmen's Compensation Law. See *Long-Bell Lumber Co. v. Mitchell,* 206 Ark. 854, 177 S. W. 2d 920.

It is true that § 15(h) of the Workmen's Compensation Law says:

"All questions of dependency shall be determined as of the time of injury."

But that provision does not mean that the Commission should refuse to consider evidence of conditions *prior to the injury* to ascertain the true situation as to dependency. In *Crossett Lumber Co. v. Johnson,* 208 Ark. 572, 187 S. W. 2d 161, we said:

"The question of dependency is one of fact in the determination of which all the circumstances of the particular case are to be considered."

In considering *all the circumstances,* the Commission should give consideration to the evidence of dependency which existed from the time Dorothy became 18 until she went to Fort Smith, for it is not at all unusual for farm hands to obtain factory work after the crops are harvested in the fall season, and this for the purpose of supplementing the family budget. Prior to the time she became 18 years of age, Dorothy's parents were entitled to all of her earnings and services. If, after becoming 18, she continued in any way to contribute to her parents in earnings or services, and if such contributions went to relieve the parents' penury, then all such facts and circumstances should be considered in determining the question of partial dependency.

Merely to consider whether Dorothy made contributions from her Wortz Biscuit Company wages, and to disregard her aid to the family before she went to work for the Wortz Biscuit Company, is to give the Workmen's Compensation Law a narrow and technical construction. We have held repeatedly that the act is to be liberally construed. *Hunter v. Summerville,* 205 Ark. 463, 169 S. W. 2d 579; *Herron Lbr. Co. v. Neal,* 205 Ark. 1093, 172 S. W. 2d 252; *Williams Mfg. Co. v. Walker,* 206 Ark. 392, 175 S. W. 2d 380; *Elm Springs Canning Co. v Sullins,* 207 Ark. 257, 180 S. W. 2d 113. In this last cited case we quoted from an earlier case:

" 'Likewise, all courts are agreed that there should be accorded to the Workmen's Compensation Act a broad and liberal construction, that doubtful cases should be resolved in favor of compensation, and that the humane purposes which these acts seek to serve leave no room for narrow technical constructions.' "

We reserve for consideration in a proper case the interplay or effect of § 7603, Pope's Digest, on the dependency provision of the Workmen's Compensation Law. We do not try fact questions *de novo* in an appeal from the Commission. So we reverse this case, not because of the alleged erroneous finding of fact by the Commission, but because the Commission did not consider all the facts, that is, Dorothy's aid to her family before she went to Fort Smith.

The following cases from other states point to the conclusion here reached: *Shaffer, el at., v. Williams Brothers, Inc., et al.,* Kansas City, Missouri, Court of Appeals, 226 Mo. App. 635, 44 S. W. 2d 185; *State ex rel. Grzelak v. Industrial Commission of Ohio,* Court of Appeals of Ohio, 61 Ohio App. 51, 22 N. E. 2d 214; *Lumbermen's Reciprocal Assn. v. Warner,* Texas Commission of Appeals, 245 S. W. 664; *Fordson Coal Co. v. Burke, et al.,* Court of Appeals of Kentucky, 219 Ky. 770, 294 S. W. 497; *Ritzman v. Industrial Commission, et al.,* Supreme Court of Illinois, 253 Ill. 34, 186 N. E. 545; *Chambers v. State ex rel. Parsons,* Supreme Court of Idaho, 59 Idaho 200, 81 Pac. 2d 748; *Williams v. Kelly Co., Inc.,* Superior

452

Court of Pennsylvania, 128 Pa. Super. 228, 193 Atl. 97; *Texas Employers' Insurance Association* v. *Sheppeard,* U. S. Circuit Court of Appeals, 62 Fed. 2d 122. The rationale of these cases is succinctly stated in 71 C. J. 535:

" . . . . the relation of dependency existing at the time of the accident is to be determined in the light of prior events and not to be controlled by an unusual temporary situation . . . "

*Conclusion*: The judgment of the circuit court is reversed, and the cause remanded to the circuit court with directions to remand the cause to the Workmen's Compensation Commission for a rehearing, and for further proceedings not inconsistent with this opinion.