BATESVILLE WHITE LIME COMPANY *v.* BELL.

4-8248                                        205 S. W. 2d 31

Opinion delivered October 13, 1947.

Rehearing denied November 17, 1947.

24

*Buzbee, Harrison & Wright,* for appellant.

*Chas. F. Cole,* for appellee.

ROBINS, J. Appellee filed claim with the Workmen's Compensation Commission on September 6, 1945, asserting that he had a compensable disability, caused by "silicosis or heart ailment."

A referee of the Commission, on account of a dispute in the medical testimony, referred the matter to a medical board, in conformity with § 14 (c) (4) of the Arkansas Workmen's Compensation Law. Act No. 319 of 1939. The medical board reported that it found no evidence of claimant's being afflicted with silicosis or tuberculosis, but found "that the inhalation of dust in the employment has aggravated a preëxisting heart condition, which in our opinion, renders the claimant totally and permanently disabled from following any occupation."

Appellants, alleging that the findings by the medical board as to tuberculosis and as to the disablement of appellee by inhalation of dust were improperly made, filed a motion asking that these findings by the board be stricken. The Commission made an order in which it was recited that these findings by the medical board were made by inadvertence and by reason of a mistake of law, striking these findings from the report of the medical board.

The referee thereafter made an order, based on all the evidence, to the effect that appellee was entitled to compensation "for injury arising by reason of traumatic aggravation of a preëxisting heart condition," and fixed his compensation at $20 per week.

On review the Commission found that "claimant is totally and permanently disabled because of a heart con-

dition which preëxisted his employment with the respondent company and which may have been accelerated by the manual labor which he performed as an employee of that company. There is, however, no showing either before the referee or before this Commission on review that claimant's condition was aggravated by an accident or accidental injury.'' On this finding the Commission reversed the award of the referee and dismissed the claim.

The circuit court set aside the order of the Commission and entered judgment directing an award of $20 per week to appellee. To reverse the circuit court's judgment this appeal is prosecuted.

It is not disputed that appellee had been working for the Batesville White Lime Company for twenty-three years and was forced to quit work on account of a total and permanent physical disability. Much of the time his duties kept him around a rock crusher where the air was heavily impregnated with dust. A report of the Division of Industrial Hygiene of the Arkansas State Board of Health made July 30, 1945, showed that employees at this plant were working in an excessive amount of dust and in this report certain changes necessary to ameliorate unhealthful conditions at the lime quarry were recommended. It is not seriously contended that the finding of the medical board that inhalation of dust by appellee during his work had aggravated the diseased condition of his heart and caused his disability was not responsive to the evidence.

The Commission, however, took the position that, since this inhalation of dust continued over a period of years, so that the damage to the appellee's heart by the additional strain imposed on it was probably gradual, there was no trauma, so as to admit of a finding of accidental injury within the meaning of the term as used in the Workmen's Compensation Law.

All the courts of this country are agreed that, in determining whether a disputed claim under the Workmen's Compensation Law should be allowed, the terms of the Act must be given a liberal interpretation in favor of

the claimant; and the Act itself provides that in a proceeding to enforce a claim under the Act "there shall be a *prima facie* presumption . . . that the claim comes within the provisions of this Act."

The word "accidental" has often been construed to mean "unexpected" or "fortuitous," or "not to be reasonably anticipated."

Now there is nothing in the proof in this case to justify a conclusion that the injury to appellee's heart by breathing the excessive amount of dust was one which appellee might have reasonably expected or anticipated. Certainly it was accidental as far as he was concerned; and there is much authority for a holding that an injury, not necessarily the result of one impact alone, but caused by a continuation of irritation upon some part of the body by foreign substances may properly be said to be accidental.

Thus it was held in the case of *McNeely* v. *Carolina Asbestos Company,* 206 N. C. 568, 174 S. E. 509, a proceeding under the Workmen's Compensation Act, that pulmonary asbestosis produced by employee's inhalation of asbestos dust over a period of five months was an "injury by accident" and compensable. The court in that case said: "Unless we attempt to whittle down or enlarge words or undertake to put big threads through the eyes of little needles, it would seem manifest that our Act did not undertake to limit compensation to cases where the injury was begun and completed within narrow limits of time, but that it used the expression 'injury by accident' in its common-sense everyday conception as referring to an injury produced without the design or expectation of the workman."

In the case of *Frankamp* v. *Fordney Hotel et al.,* 222 Mich. 525, 193 N. W. 204, the Supreme Court of Michigan held that a waitress at a hotel who was disabled by an attack of typhoid fever, caused by her drinking contaminated water at the hotel, had suffered an accidental injury within the meaning of the Workmen's Compensation Act.

The Kansas City Court of Appeals (Mo.) in *Rinehart* v. *F. M. Stamper Company,* 227 Mo. App. 653, 55 S. W. 2d 729, holding that disability from pneumonia contracted by an employee while working in a refrigerator was an accidental injury within the purview of Workmen's Compensation Law, said: "To constitute an accident within the definition of that word the event need not reach its consummation immediately."

The Supreme Court of Colorado, in the case of *Carroll* v. *Industrial Commission of Colorado,* 69 Colo. 473, 195 P. 1097, held that where the dust-laden condition of the air in which an employee was working brought on an attack of heart trouble culminating in death, the result was "an accident" within the meaning of the Workmen's Compensation Act.

Likewise, where a latent tubercular condition was revived by employee inhaling dust during the period of employment, the disability was held by the Idaho Supreme Court, in the case of *Beaver* v. *Morrison-Knudsen Company,* 55 Idaho 275, 41 P. 2d 605, 97 A. L. R. 1399, to be an accident within the meaning of the term as used in the Workmen's Compensation Act, notwithstanding inability to specify the exact time when the injury was received or the dangerous draught of dust inhaled.

The Massachusetts Supreme Judicial Court, in *Re Madden,* 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D, 1000, dealing with a claim under the Massachusetts Workmen's Compensation Act, said: "When a preëxisting heart disease of the employee is accelerated to the point of disablement by the exertion and strain of the employment, not due to the character of the disease acting alone, or progressing as it would in any rational work, there may be found to have been a personal injury."

The same court, in *Carl Johnson's Case,* 279 Mass. 481, 181 N. E. 761, upheld a finding of the Industrial Accident Board that a workman who had been exposed to noxious fumes from 1909 to 1927, which fumes finally caused or aggravated chronic bronchitis and emphysema, had sustained a compensable "personal injury" within the

meaning of the Workmen's Compensation Law of that state.

We held in the case of *Murch-Jarvis Company* v. *Townsend*, 209 Ark. 956, 193 S. W. 2d 310, that where an employee was disabled by the aggravation of a bronchial asthma by dust inhaled by him in his working place the disability was the result of an accidental injury as the phrase is used in the Workmen's Compensation Law.

We conclude that, even though the evidence did not show the exact instant at which the disability of appellee could be said to have occurred by reason of breathing the dust, nevertheless, as shown by the proof, the inhalation of this dust did aggravate appellee's heart ailment to the point of totally disabling him, and therefore the finding of the referee that appellee suffered an accidental injury in the course of his employment was correct.

It follows that the judgment of the lower court must be affirmed.