J. L. WILLIAMS & SONS, INC., v. MOORE.

4-7225               177 S. W. 2d 761

Opinion delivered February 7, 1944.

*M. J. Harrison*, for appellant.

*John L. Sullivan*, for appellee.

GRIFFIN SMITH, C. J. Circuit Court affirmed the award of Workmen's Compensation Commission based upon a finding that Biven A. Moore, while discharging his duties as a laborer in the employ of J. L. Williams & Sons, Inc., received injuries resulting in temporary total disability.

Appellant argues a want of substantial evidence.

Moore testified that while working at a mill July 2, 1941, he was struck in the back by a piece of lumber. Although suffering intensely, he did not abandon his assignment except for a short interval during which he was incapacitated. A fellow worker testified the injury was slight. Three days after the accident Moore called on Dr. Kelley. The physician thought the injury (in respect of which there was no external evidence) should be "taped," but Moore demurred, fearing physical activity would be interfered with. He returned to Dr. Kelley July 8th and submitted to the treatment first suggested, and continued at work. July 15th X-rays were taken, disclosing active tuberculosis. The patient was advised to go to bed. A week later Moore went to State Sanatorium at Booneville, where Dr. J. D. Riley made examinations. Upper and lower parts of the left lung were affected. In September a large cavity was observed in the lower half of the left lung. Moore gave a history of having been treated in 1933 for abscess of the right lung, an operation having been performed at El Paso, Texas.

In an affidavit received by the Commission without objection Dr. Riley said: "In view of the presence of the cavity revealed on the picture taken September 7, (after removal of the fluid) it appears that this is an old process. . . . It is highly improbable that this could have taken place after July 2, 1941. From [Moore's history] and evidence revealed by the X-ray, I do not believe his present disability is due to the alleged injury."

Dr. S. C. Fulmer, after familiarizing himself with the clinical record, expressed views similar to those of Dr. Riley.

Dr. Kelley's diagnosis was "Traumatic pleurisy to left side following injury, resulting in pleural effusion, associated with tuberculosis."[1]

Moore had been working for appellant since 1938, "ten hours a day, six days a week." In 1940 all employes were required to submit to a medical examination, presumably for the purpose of having their fitness determined. Copies of the doctors' findings were not given the employes, nor was appellee's report available when it was requested about the time claim for compensation was made.

If, as appellee contends, he was able to work ten hours a day, six days a week, and had not suffered inconvenience because of pleurisy or a tuberculous condition, it was not necessary that he should have been physically unimpaired when the injury now complained of occurred. It is sufficient if the accident, coupled with a non-disabling malady, produced disability which would not have occurred at that time but for the trauma.

This result may be reached without doing violence to appellant's expert testimony. Dr. Riley thought it highly *improbable* that the lung cavity and accrual of fluid could have developed subsequent to July 2, and he did not *believe* Moore's disability was due to the injury. This belief, it will be observed, is based upon what the witness thought was highly improbable—not *impossible*.

---

[1] Pleural effusion: "An effusion or collection of fluid which is in the pleural cavity or space."—*Maloy's Medical Dictionary*.

Dr. Kelley thought the injury produced disability. Each doctor was expressing an opinion based upon experience and medical information. Here, as in *Missouri Pacific Railroad Company* v. *Ward,* 195 Ark. 966, 115 S. W. 2d 835, "We are confronted with possibilities and probabilities, conclusions and opinions, theories and counter theories, as applied to an inexact science." In *Herron Lumber Company* v. *Neal,* 203 Ark. 1093, 172 S. W. 2d 252, we quoted with approval from a California Supreme Court opinion[2] where it was said that "Circumstantial evidence is sufficient to support an award [of the Compensation Commission] and it may be based upon the reasonable inferences that arise from the reasonable probabilities flowing from the evidence; neither absolute certainty nor demonstration is required."

It was the Commission's duty to determine whether Moore was truthful when he said he had been working sixty hours a week before July 2d, and that disability and the injury occurred simultaneously, even though it be conceded that an inactive pleural condition and tuberculosis were present. Again, it was the Commission's province to harmonize the inconsistencies between testimony given by Drs. Fulmer and Riley for appellant, and by Dr. Kelley for appellee. The tribunal concluded that disability could have resulted from the accident; and, since we cannot say this result is contrary to known laws of medical science against which proof may not prevail, Circuit Court did not err in entering judgment.

Affirmed.

---

[2] *Pacific Employers Ins. Co.* v. *Industrial Accident Commission,* 19 Cal. 2d 622, 122 Pac. 2d 570, 141 A. L. R. 798.