CROSSETT LUMBER COMPANY *v.* JOHNSON.

4-7654                                     187 S. W. 2d 161

Opinion delivered April 23, 1945.

*Paul Johnson,* for appellant.

McFADDIN, J. This appeal challenges a finding and an award made by the Workmen's Compensation Commission in favor of appellees.

Raymond E. Johnson received instantly fatal injuries while in the course of his employment for Crossett Lumber Company. He was single and twenty-two years of age, and made his home with the appellees, being his father, mother and minor brother. These appellees filed claim for compensation (under Act 319 of 1939); and same was awarded by the Workmen's Compensation Commission after an extensive hearing in which the principal—if not only—question was whether the appellees were dependent on Raymond Johnson at the time of his death.

The Commission made the following finding of fact: "That C. M. Johnson, Mrs. C. M. Johnson and James Marvin Johnson were dependents of Raymond E. Johnson, deceased, at the time of his death."

The Commission also made the following conclusions of law:

"A reading of the record and argument of counsel for the respondent indicate that the respondent relies upon a contention that it is necessary to show that one is wholly dependent upon a deceased employee in order to qualify for compensation—such is not the law. It is well settled that partial dependency is sufficient to justify an award for compensation.

"In *Mack Coal Co.* v. *Hill,* (9 cases consolidated) 204 Ark. 407, 162 S. W. 2d 906, it was said: 'We do not think that the Commission improperly determined that the father and stepmother were dependents of Ralph Walker, . . .'" In that case the respondent argued that contributions of $25 to $30 a month made by Ralph Walker were not sufficient to establish dependency.

"The Commission has consistently held that one is a dependent within the meaning of the Workmen's Compensation Law if one relies for support in whole or in part upon the aid of another. Under the provisions of § 16 of the law partial dependency is sufficient to support an award for compensation for alien non-resident parents and surely it was not the legislative intent to be more liberal with alien non-residents than with our own citizens.

"The decedent was living at home with the claimants and was making regular contributions to the family group of which he was a party. We do not believe the fact that the claimants were able to save a part of the contributions and a part of the father's earning would affect their status as dependents. Support does not mean the bare necessaries of life, and even though the claimants could have existed without the contributions received from the decedent, it is quite apparent that the contributions did affect their standard of living and were properly a part of their support.

"The fact that much the larger part of the money used in the support of the family was supplied by the father was not inconsistent with the father and step-

mother being partial dependents of the deceased if the contributions the latter was in the habit of making were required to enable them to meet the reasonable necessary expenses of living in the way to which they were accustomed, and they looked forward to and relied on the continuance of such contributions for their support. *Texas Employers' Ins. Ass'n* v. *Sheppeard*, (C.C.A. 5) 62 Fed. 2d 122.

"See, also, 62 A. L. R. 173; 28 R. C. L. 77; 71 C. J. § 272, 273; Workmen's Compensation Law, Schneider, Vol. II, Second Edition, §§ 370, 371.''

I. *The Issue of Dependency in This Case was a Fact Question; and the Commission's Finding on This Fact is Amply Supported by the Evidence.* Where dependency is not conclusively presumed by reason of relationship (as in the case of a child below a certain age), then dependency is a question of fact. In the case of *Texas Employers' Ins. Ass'n* v. *Sheppeard,* 62 Fed. 2d 122, the Circuit Court of Appeals of the Fifth Circuit said: "The question of dependency is one of fact in the determination of which all the circumstances of the particular case are to be considered."

In Honnold on *Workmen's Compensation,* Vol. I, p. 256, the rule is stated: "Actual dependency is a question of fact, to be determined, in the absence of any applicable and conclusive statutory presumption, from the circumstances of the particular case, . . ."

And in Schneider on "Workmen's Compensation Law," Second Ed., Vol. II, p. 1230, the rule is stated: "Dependency, its extent, and persons entitled to compensation, are questions of fact. . . ."

C. M. Johnson, father of deceased, testified that Raymond Johnson made about $100 per month; that Raymond contributed to the household expenses in addition to giving $6 per week to his mother; that whenever witness did not have enough money to pay the grocery bill, Raymond would pay whatever was the balance; that in addition Raymond bought other groceries for the family; and

that when witness' wife (Raymond's mother) had to go to Monroe, Louisiana, to see a doctor, Raymond paid all of the expenses of the trip, and also the doctor's bill. He said:

"It took all I made and about half of what Raymond made to meet expenses. . . .

"I wasn't wholly dependent on him, but I depended on him to help bear the expenses of the family."

Mrs. C. M. Johnson's testimony was even more detailed, but it may be summed up in the statement that Raymond gave the family "as much as one-half of his income." Without prolonging this opinion by reviewing all of the evidence, we have concluded that the evidence · is amply sufficient to sustain the Commission's finding of fact.

II. *The Commission's Conclusions of Law are Correct.* Our Workmen's Compensation Law (Act 319 of 1939) in § II (j) in speaking of unmarried children uses the word "dependent on deceased".; but when speaking of married children uses the words "wholly dependent on deceased"; likewise, in speaking of married sisters, uses the term "wholly dependent upon the deceased." Then in § II (k). in speaking of parents, the act uses the term "dependent upon the deceased." Thus, the act makes a distinction between "wholly dependent" and "dependent." This shows that the evident intent of the lawmakers was to make "dependent" mean something different from "wholly dependent"; and the only difference that could exist is that "dependency" means partial dependency, unless it is stated to mean total dependency.

In Honnold's two-volume treatise on "Workmen's Compensation," Vol. I, page 232, in discussing partial dependency, it is said:

"The phrase 'actual dependents' means dependents in fact whether wholly or partially dependent. Hence it was no defense, in proceedings under an act using this term, that petitioner and his family were not entirely dependent on deceased. Partial dependency, giving a

right to compensation, may exist, though the contributions be at irregular intervals and of irregular amounts, and though the dependent have other means of support, and be not reduced to absolute want."

We affirm the judgment of the circuit court which affirmed the award of the Workmen's Compensation Commission.