ARTHUR MURRAY COMPANY, INC., *v.* COLE.

4-7692                                                      189 S. W. 2d 614

Opinion delivered October 1, 1945.

*Donham, Fulk & Mehaffy* and *Leffel Gentry,* for appellant.

*Smith & Judkins* and *Blackford & Irby,* for appellee.

GRIFFIN SMITH, Chief Justice. Bobby Cole, age 16, died from an injury arising out of and in the course of his employment by Arthur Murray Company, Inc. The master was indemnified by Massachusetts Bonding and Insurance Company under provisions of Act 319, Acts 1939—the Workmen's Compensation Law.

Neal and Agnes Cole, the boy's parents, each filed claim, asserting they were dependent upon Bobby's earnings. The Commission disallowed as to the father, but found that the son made substantial contributions to the family budget under an arrangement whereby the income of different members of the family was "pooled." Agnes Cole made the necessary purchases for family maintenance from the fund so provided, upon which she relied, and without which her status would have been measurably impaired. Appeal is from a Circuit Court judgment holding that the Commission did not err in awarding the mother $7.78 per week for 450 weeks.

It was stipulated that the only question to be considered by the Commission was that of dependency, the agreement being that the youth's income at the time of death was $31.10 per week. It was sought in Circuit to show that this was not an average because lower wages had been paid by other employers, and that the brief period during which $31.10 was earned did not meet the requirements of Act 319 as a basis for computation.

We agree with the appellee that the stipulation is broad enough to limit inquiry to the one question of dependency.

The appeal is controlled by *Crossett Lumber Company* v. *Johnson,* 208 Ark. 572, 187 S. W. 2d 161, decided April 23, 1945. It was there held that "dependent," within the meaning of Act 319, is to be distinguished from "wholly dependent." One is dependent if he or she relies partially upon contributions of a person whose aid constitutes a material element in the claimant's support.

Affirmed.