H. N. RODGERS & SONS COMPANY *v*. NELSON.

4-7793                                                    192 S. W. 2d 972

Opinion delivered March 4, 1946.

Rehearing denied April 1, 1946.

*Buzbee, Harrison & Wright,* for appellant.

*K. T. Sutton,* for appellee.

GRIFFIN SMITH, Chief Justice. Circuit Court affirmed Workmen's Compensation Commission in awarding $7.55 per week during dependency (and certain incidental sums). The appeal questions Gracy Nelson's right to collect any sum, contention being that she was supported by her husband. Will, seventeen years of age, was burned to death in December, 1943, while engaged in the Company's service, etc.

There was testimony that McKinley Nelson, the decedent's step-father, supported his wife, and efforts were made to show that any money given Gracy by her

son was a gratuity. On the other hand, there was evidence that Will had for some time made material contributions to his mother and that to a certain extent she relied upon his efforts. The Commission found that necessary elements of support existed. We are not able to say there was no substantial testimony to support this factual finding.

In its conclusions of law the Commission employed these expressions: "At the time of [Will Curley's] accidental death his mother was dependent upon him within the meaning of the Workmen's Compensation Act, as no distinction is made as to total or partial dependency."

In *Arthur Murray Company, Inc.,* v. *Cole, ante,* p. 61, 189 S. W. 2d 614, we said:

"The appeal is controlled by *Crossett Lumber Company* v. *Johnson,* 208 Ark. 572, 187 S. W. 2d 161. It was there held that 'dependent,' within the meaning of Act 319, is to be distinguished from 'wholly dependent.' One is dependent if he or she relies partially upon contributions of a person whose aid contributes a material element in the claimant's support."

Affirmed.