E. H. Noel Coal Company *v.* Grilc.

4-8877                                     221 S. W. 2d 49

Opinion delivered June 6, 1949.

*Harper, Harper & Young,* for appellant.

*Grant & Rose,* for appellee.

Holt, J.   February 8, 1948, three bachelor brothers, Frank, Louis, Jr., and Albin Grilc, were accidently killed by an explosion in a coal mine of appellant, E. H. Noel Coal Company, in Sebastian county. Appellees were their aged parents and the only surviving dependents, within the terms of our Workmen's Compensation Statute, Act 319 of 1939. It was conceded that these three sons were employed by appellant, coal company, at the time of the explosion and received accidental injuries, arising out of and in the course of their employment, which resulted in their deaths. A separate claim for compensation for the death of each son was filed by appellees before the Commission, and a maximum award of $20 per week, to be divided equally between the parents, for the death of each son,—or a total of $60 per week,—was made.

The Commission's award in each case was affirmed by the Sebastian Circuit Court on appeal, where the three claims, identical in effect, were consolidated for trial.

From the Circuit Court's judgment is this appeal.

For reversal, appellant says: "We contend the Compensation Commission erred in making three separate maximum awards, thus creating three separate whole dependencies, when as a matter of fact only one whole dependency actually existed. By these three awards the Commission has directed payment to the father of $10 per week in each case, or $30 for the three, and like sums for the mother, for a combined total payment of $60 per week, which is three times a maximum single award under the Compensation Law. The Commission, in its identical opinion in each case, simply finds the parents were dependents of each deceased son and states that the Commission cannot agree with respondents' contention that compensation for the death of all three sons should not exceed $20 per week. * * *

"We do not think the Compensation Law intended any result which would multiply the maximum payments by three, simply because there were killed three people, each of whom was contributing equally to the support of the same dependents." ,

The question presented appears to be of first impression under our Compensation Act, supra.

The essential facts appear not to be in dispute. Appellees, the father and mother of these unfortunate men, were aged, infirm, and unable to work, the father being 76 years of age and the mother 70. Appellees owned no property except the house which they built about forty years ago, (the land on which it stands belonging to another coal company, for which appellees paid a nominal rental of $9 per year), two milk cows and a few chickens. They have no income except approximately $15 per month, old age security payments. Until about ten years ago, the father had been an active coal miner, and his three sons, since they were old enough to work, had also worked as coal miners, and each, at the time

of their deaths, was earning approximately $73 per week. These three sons lived with their parents and had never left the parental roof. Since their parents became unable to work, these sons supported them out of their weekly earnings, paying for groceries (which alone at times amounted to as much as $200 per month), clothing, medical expenses, and generally the expenses of maintaining the home and their parents. All of these expenses were shared equally by the three sons, each paying one-third.

The question of dependency presented here is one of fact since there is absent in Act 319, supra, any provision making a parent wholly dependent on any one person. In the recent case of *Crossett Lumber Company v. Johnson*, 208 Ark. 572, 187 S. W. 2d 161, we held: (Headnote 2) "The question of dependency is one of fact in the determination of which all the circumstances of the particular case are to be considered." (Headnote 3) "Where the testimony showed that the deceased gave to appellees (his father and mother) as much as one-half of his income it was sufficient to sustain the Commission's finding of fact that appellees were dependent upon the deceased." (Headnote 5) "It is apparent from the reading of the Workmen's Compensation Act that the lawmakers intended to make the word 'dependent' mean something different from the words 'wholly dependent;' and the only difference that can exist is that 'dependency' means partial dependency unless it is stated to mean 'total dependency.'" In that opinion, we approved the following conclusions of law of the Commission: "It is well settled that partial dependency is sufficient to justify an award for compensation. * * * One is a dependent within the meaning of the Workmen's Compensation Law if one relies for support in whole or in part upon the aid of another."

We also approved the following from *Honnold* on Workmen's Compensation, Vol. 1, page 232: "The phrase 'actual dependents' means dependents in fact whether wholly or partially dependent. Hence it was no defense, in proceedings under an act using this term, that petitioner and his family were not entirely depend-

ent on deceased. Partial dependency, giving a right to compensation, may exist, though the contributions be at irregular intervals and of irregular amounts, and though the dependent have other means of support, and be not reduced to absolute want.''

See, also, *Arthur Murray Company, Inc.* v. *Cole,* 209 Ark. 61, 189 S. W. 2d 614 and *H. N. Rodgers & Sons Company* v. *Nelson,* 209 Ark. 866, 192 S. W. 2d 972.

Under the topic ''Workmen's Compensation: double compensation to dependents in case of death of two or more,'' 45 A. L. R., page 894, the annotator announces the general rule, in circumstances such as are presented here, as follows: ''It is a general rule that unless a workmen's compensation act specifically sets forth who shall be considered to be wholly or partially dependent on the earnings of an employee, dependency, and the extent thereof, are to be determined as questions of fact in accordance with the facts as they existed at the time of the injury to the employee. It seems, therefore, that unless a workmen's compensation act specifically provides that the widow and children shall be presumed, or are conclusively presumed, to be dependent upon the father, the dependents may, in case of the death of two or more of the family, contributing to the support thereof, recover compensation in respect of each. There is, however, but little judicial authority on the specific question.

''In the reported case (*Utah Fuel Co.* v. *Industrial Commission,* 67 Utah 25, 245 Pac. 381, 45 A. L. R. 882, where both father and son met death in the same accident, and the earnings of both were required for the support of the family, it was held that the dependents were entitled to the maximum amount of compensation provided for by the statute, for each death.

''To the same effect in *Hodgson* v. *West Stanley Colliery* (1910) A. C. (Eng.) 229—H. L., wherein it was held that where a father and two sons, all killed in one accident, paid their wages into a common fund for the support of the family, the mother and the surviving children were entitled to receive compensation in respect to the death of each of the deceased. The decision in the

above case was on the ground that there was no presumption of law making the widow and children totally dependent on the father, and not dependent at all on the other two.''

Giving to the findings of the Commission the same effect as a jury's verdict, as we must, and a liberal construction to the provisions of Act 319, as we have many times said we should and must do to effectuate its purpose, we hold that the Commission was warranted in finding the evidence sufficient to show that these two parents were each dependent on their deceased sons. Since, as noted above, we have held that one is a dependent who relies for support in whole or in part upon the aid of another, the Commission was justified in holding that the appellees, whether partially or wholly dependent on each son, were entitled to the maximum weekly award, under the Act, in each case.

The conclusions we have reached are supported not only in our own cases, supra, but what appears to be the weight of authority.

Affirmed.