SHERWIN-WILLIAMS COMPANY v. YEAGER.

4-9519                                    239 S. W. 2d 1019

Opinion delivered June 4, 1951.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Martin K. Fulk* and *W. J. Smith,* for appellee.

HOLT, J. This appeal is from a judgment of the Pulaski Circuit Court which reversed a finding and order of the Workmen's Compensation Commission, which order denied compensation to appellees, under Act 319 of 1939 as amended.

George P. Yeager, III, an 18-year-old son of Mr. and Mrs. Yeager, received fatal injuries arising out of and in the course of his employment. The father, mother and 14-year-old sister of deceased filed claim for compensation based on partial dependency. As indicated, the Commission denied appellees' claim and on appeal, the Pulaski Circuit Court reversed the Commission and allowed the claim on the ground of partial dependency.

The Commission's opinion recites: "Findings of Fact. 1. That the parties to this cause come within and are bound by the provisions of the Arkansas Workmen's Compensation Law. 2. That on September 14, 1948, the decedent, George Phillip Yeager, III, sustained an accidental injury which arose out of and during the course of his employment and as the result thereof met his death that same day. 3. That the claimant's average weekly wage was $24.32. 4. That at the time of the accidental death of George Phillip Yeager, III, the claimant father, George Phillip Yeager, Jr., the claimant mother, Helen Yeager, and the claimant minor sister, Margie Yeager, were not dependent upon the said George Phillip Yeager, III, within the meaning of the Arkansas Workmen's Compensation Law.

"Upon the foregoing findings of fact, the Commission reaches the following 'Conclusions of Law.' Section 15 (h) of the Arkansas Workmen's Compensation Law is as follows: 'All questions of dependency shall be determined as of the time of the injury.'

"In 1943 the decedent's father was making $175 per month on which he supported his wife and children, except for a little work the mother started doing in 1943. In September, 1948, the father was making $65

per week or in excess of $260 per month and he had been making this sum for about one year prior to the decedent's death. For about one year prior to September 1, 1948, the decedent's mother made 65c per hour and worked forty-three hours per week or $27.95 per week or in excess of $112 per month. In May, 1947, the decedent graduated from high school and it was the testimony of the parents that the decedent had taken care of himself to a certain extent. In July, 1948, the older daughter married and both she and her husband worked and took care of themselves. The only child left for the parents to take care of then was the younger daughter, Margie. It appears that the parents were quite capable of supporting themselves and their younger daughter on and long prior to September 14, 1948, and had been doing so.

"We are of the opinion the father somewhat exaggerated the decedent's income from his baseball activities.

"It was the mother's testimony that the $5.00 (weekly) average cash contributions made by the decedent was not a drop in the bucket and would not begin to buy the groceries the decedent consumed. The father's testimony on this point was substantially the same.

"Considering all of the evidence in a light most favorable to the claimants, it would appear that the decedent probably received and took from the home and family group more than he furnished. It would seem that he was not entirely self-supporting.

"Although the decedent apparently did buy gasoline for the family car and had some repair work done, it appears he used this car for his own pleasure. The Commission is of the opinion this activity and its extent on the part of the decedent does not show dependency on the part of the claimants.

"After a careful consideration of all the evidence in this case, the Commission is of the opinion that none of the within claimants was dependent upon the decedent at the time of his injury and death, within the meaning of the Arkansas Workmen's Compensation Law,

nor have they been for at least a year or more prior thereto, if ever. According to the testimony of the parents, it appears that the decedent was at least partially dependent upon them.

"The claimants' claims, therefore, are denied and dismissed; however, the within respondents will pay the reasonable funeral expenses not to exceed $250, as provided by the Act."

The question of dependency is one of fact. "All questions of dependency shall be determined as of the time of the injury. (Section 15 (h) of the Compensation Law).

"But that provision does not mean that the Commission should refuse to consider evidence of conditions prior to the injury to ascertain the true situation as to dependence. In *Crossett Lumber Co.* v. *Johnson,* 208 Ark. 572, 187 S. W. 2d 161, we said: 'The question of dependency is one of fact in the determination of which all the circumstances of the particular case are to be considered.' " *Nolen* v. *Wortz Biscuit Company,* 210 Ark. 446, 196 S. W. 2d 899.

In *E. H. Noel Coal Company* v. *Grilc,* 215 Ark. 430, 221 S. W. 2d 49, this court said: "The question of dependency presented here is one of fact since there is absent in Act 319, *supra,* any provision making a parent wholly dependent on any one person."

In our construction of the Workmen's Compensation Act, we have many times said: "The rule is also well settled that in testing the sufficiency of the evidence before the Commission, the circuit court, on appeal from the Commission, and this Court, on appeal from the circuit court, must weigh the testimony in its strongest light, in favor of the Commission's findings." *Hughes* v. *Tapley, Administratrix,* 206 Ark. 739, 177 S. W. 2d 429.

We said in *Meyer* v. *Seismograph Service Corporation,* 209 Ark. 168, 189 S. W. 2d 794: "The rule is firmly established that the findings of the Commission, which is the trier of the facts, will not be disturbed on appeal to

the circuit court if supported by substantial testimony. Act 319 of 1939, § 25 b; (citing many cases). * * * 'In a long line of decisions since the passage of the act here in question, the rule has been clearly established that the findings of the Commission shall have the same binding force and effect as the verdict of a jury, or of a circuit court sitting as a jury, and when supported by substantial evidence, such findings will not be disturbed by the circuit court on appeal to that court or on appeal to this court.' * * * The Commission had the right, just as a jury would have had, to believe or disbelieve the testimony of any witness.''

On the record here, in the light of the above rules, we hold that there was substantial evidence to support the Commission's findings.

Since, as indicated, there was substantial evidence to support the Commission's findings that appellees were not partially dependent, we must, and do, reverse the judgment of the Pulaski Circuit Court and remand the cause with directions to affirm the order of the Commission denying compensation.