BRADHAM DRILLING Co. *v.* POWELL.

5-1998                                    331 S. W. 2d 35

Opinion delivered January 18, 1960

*Mahony & Yocum,* for appellant.

*Brown & Compton,* for appellee.

JIM JOHNSON, Associate Justice. This is an action for compensation under the Arkansas Workmen's Compensation Act by appellees Maydell Powell, widow, and Barbara Ann Powell, a minor daughter 16 years of age, against appellant, Bradham Drilling Company, et al, on account of the death of Gordon Ralph Powell, deceased, on the 10th day of July 1956. The Commission awarded maximum compensation. This decision of the Commission was affirmed by the Circuit Court, from which comes this appeal.

For reversal, appellant contends that there is not substantial evidence to support the Commission's findings.

The facts are substantially as follows:

The deceased, Gordon Ralph Powell, was 50 years of age, and had been regularly employed as an oil well driller by the Bradham Drilling Company for approximately twelve years. As a driller, Powell's duties were mainly supervisory and light, but approximately every forty-five days he would assist in tearing down (dismantling) the drilling rig, and then he did strenuous work. On July 2, 1956, Powell, along with other employees, was engaged in tearing down the rig. They were working in an open field and the temperature was in the 80's. The work that they were doing required the lifting of objects that weighed in excess of 100 pounds, and they had been working since about 6:00 o'clock a.m. At approximately 10:00 o'clock a.m., Powell said, "I like to have got too hot," and continued to work for 10 or 15 minutes after which Powell was seen stumbling and walking sideways, and fell down. He was pale and perspiring profusely and said, "I can't see." His face was colorless and perspiration stood on his face, and wouldn't run off. He looked like he was "burned out". Wet rags were applied and he was carried to the hospital in El Dorado, Arkansas, and during the trip he was pale and perspiration stood on his face and

wouldn't run off. He was described by his supervisor as being in "rough shape."

The deceased was first seen at the hospital by Dr. D. E. White. Dr. White completed a "Standard Form for Surgeon's Report" on July 2, 1956, and at the place marked for the patient to state in his own words where and how the accident occurred, there appears the following: "While working on a well near Village, Arkansas, I became too hot and felt as though I was about to faint." According to Dr. White's report, his findings were suspected heat prostration, arterial hypertension, possible coronary occlusion. Powell was given first aid, saline solution intravenously, stimulants, and an EKG was made shortly after his admission to the hospital. Dr. White stated that "In my opinion injured party became too hot while working, but also reveals evidence of some form of heart attack when first examined by me."

The hospital records reflect that the admitting diagnosis on July 2 was suspected heat prostration and arterial hypertension, and that the patient stated that he became too hot while working on a well. The deceased was allowed to go home on July 6, and at that time the final diagnosis was heat prostration, arterial hypertension, and suspected posterior myocardial infarction.

A few hours after his discharge deceased was readmitted to the hospital for further treatment; Dr. White's admitting diagnosis was again heat prostration, arterial hypertension, and suspected posterior myocardial infarction. On July 10, 1956, the deceased expired, and the final diagnosis was heat prostration, arterial hypertension, and massive coronary artery occlusion, with massive coronary artery occlusion being given as the cause of death.

Dr. White told Mrs. Powell and her sister that the deceased had had a heat stroke which caused a heart flurry.

Even though Dr. White, at the time of giving his oral testimony, made light of the heat prostration, this

diagnosis appears throughout the hospital records which were made by Dr. White. However, on cross-examination, even Dr. White admitted that undue effort would assist in bringing on a coronary occlusion. As stated by the Commission, ''Dr. White's testimony appears to neutralize much of Dr. White's written reports and medical records.''

Dr. Joe B. Wharton, Jr., after reviewing the entire record in this case, including all of the hospital records, stated that in his opinion the deceased's overweight and tendency to high blood pressure predisposed him to have a coronary artery thrombosis. Dr. Wharton further stated that in his opinion one got coronary thrombosis as a result of excessive physical strain or exertion and particularly if one is overheated or has exerted himself to the point where he is exhausting himself from strain and becoming too hot. Dr. Wharton's conclusion was that since the deceased was of the type to have coronary thrombosis and since the deceased was exerting himself strenuously at the time of the accident, there is a strong possibility that the heart attack was precipitated by his work at that time.

Under these facts we find that there is substantial evidence to support the Commission's findings that claimant suffered heat prostration as a result of the strenuous nature of his work, collapsed on the job, and subsequently died eight days later as a result of a heart attack. This chain of events, combined with the medical testimony and the hospital records, is sufficient to support an award of compensation in this case since it is clear that the deceased suffered an accidental injury in the course of his employment which resulted in his death under the meaning and intent of the Workmen's Compensation Statute as interpreted by this Court. See: *Harding Glass Co.* v. *Albertson*, 208 Ark. 866, 187 S. W. 2d 961; *McGregor & Pickett* v. *Arrington*, 206 Ark. 921, 175 S. W. 2d 210; *J. L. Williams & Sons, Inc.* v. *Moore*, 206 Ark. 766, 177 S. W. 2d 761; *Herron Lumber Company* v. *Neal*, 205 Ark. 1093, 172 S. W. 2d 252; *Commercial Casualty Insurance Company* v. *Hoage*, 75 F. 2d

677; *E. P. Bettendorf & Co.* v. *Kelley,* 229 Ark. 672, 317 S. W. 2d 708; *Reynolds Metal Company* v. *Robbins,* 231 Ark. 158, 328 S. W. 2d 489; *Safeway Stores, Inc., et al* v. *Mrs. Betty Ruth Harrison, et al,* 231 Ark. 10, 328 S. W. 2d 131.

Therefore, following our rule that the findings of the Workmen's Compensation Commission will be affirmed if there is any substantial evidence to support them, and that in testing the sufficiency of evidence the testimony must be weighed in its strongest light in favor of the Commission's findings; *Starrett* v. *Namour,* 219 Ark. 463, 242 S. W. 2d 963; *Sherwin Williams Co.* v. *Yeager,* 219 Ark. 20, 239 S. W. 2d 1019; the award of the Commission is affirmed.