LEWIS B. SMITH ET AL *v.* FARM SERVICE
COOPERATIVE ET AL

5-4488                                    424 S. W. 2d 147

Opinion delivered February 19, 1968

*Wade & McAllister,* for appellants.

*Warner, Warner, Ragon & Smith,* for appellees.

LYLE BROWN, Justice. This is a workmen's compensation case. It was stipulated that Michael L. Smith, a minor, was fatally injured while in the employment of the appellee company, Farm Service Cooperative. Appellants, Michael's family, seek recovery on the basis of partial dependency on Michael. The family unit consisted of the parents and four minor children, including eighteen year old Michael. The Commission and the trial court found no partial dependency. It was held that

"the claimants were not dependents within the meaning of the Act."

Michael worked for Farm Service Cooperative in Fayetteville and grossed approximately $41 per week. His father testified that Michael gave him $60 per month for expenses. The family also contended that Michael's car was in fact the *family* automobile. It was stated that he contributed labor to the raising of rabbits, chickens, cows, and other livestock that benefited the family. On at least one occasion Michael paid the electric and butane bills.

At the time of Michael's death the father was unemployed. The record indicates it was merely temporary and that for the full year preceding the fatal accident, Lewis Smith had earned approximately $85 per week. He returned to the same job shortly after Michael's death but at a slightly lower wage. None of the other members of the family earned any income.

The appellants first question the propriety of the Commission's consideration of the economic situation prior to the day of the accident. They argue that under Ark. Stat. Ann. § 81-1315 (h) (Repl. 1960) "all questions of dependency shall be determined as of the time of the injury." Since the father was in fact unemployed at the time of Michael's death, appellants contend that is the proper time to determine the dependency of the family on Michael's earnings. Instead, the Commission considered a reasonable period of time in making its factual finding. According to *Nolen* v. *Wortz Biscuit Co.,* 210 Ark. 446, 196 S. W. 2d 899 (1946), the Commission was correct in considering the prior events as opposed to a temporary situation.

Appellants next challenge the correctness of the test used to determine partial dependency as applied to minor children. Ark. Stat. Ann. § 81-1315(i) (Repl.

1960) provides that the right to workmen's compensation benefits is based on a finding of dependency. That provision allows proportionate compensation in relation to the amount of actual dependency on the employee's earnings to the total dependency of claimant. Appellants argue that the legal obligation to support the minor child by the father should be the controlling factor in determining dependency. Without reciting the circular reasoning of the appellants, we do not find the position meritorious.

Dependency is a fact question. It is to be determined in the light of surrounding circumstances. *Crossett Lumber Co.* v. *Johnson,* 208 Ark. 572, 187 S. W. 2d 161 (1945). The Commission used the correct test. The rule is stated in 2 Larson, *Workmen's Compensation Law,* § 63:11, as follows: "whether his contributions were relied on by claimant to maintain claimant's accustomed mode of living." In *Crossett Lumber Co.* v. *Johnson* the same standard is used: "it is quite apparent that the contributions did affect their standard of living and were properly a part of their support."

At the time of his death Michael's expenses included an automobile payment of $38.92 per month, clothing, gasoline, and one meal daily when away from home. He traveled 52 miles round trip to work. He was required to repair his automobile on occasions and recently bought new tires for it. An additional expense was the cost of remodeling a house in anticipation of his marriage. Michael also dated regularly. Social security, state, and federal taxes must be deducted from his gross income of $41 per week. Moreover, when Michael died, according to the father, he owed some open accounts.

The only testimony as to the $60 per month payment came from the father, an interested party, and the Commission gave doubtful credence to it. Even the mother could not substantiate the amount, regularity of payment, or the agreement. The Commission discounted all testimony as to the loss of services performed on or

about the farm, those services not being a part of the *earnings* as required by the Act.

The Commission, in considering Michael's income after tax deductions and his own expenses, found that he could not have contributed to the extent alleged. Further, they found no evidence that the family's standard of living had been lowered due to Michael's death.

Affirmed.