Thurman VINES et ux *v.* ARKANSAS KRAFT
CORPORATION et al

5-5038                                          446 S. W. 2d 669

Opinion delivered November 10, 1969

*Donald Poe,* for appellants.

*Harper, Young & Smith,* for appellees.

George Rose Smith, Justice. This claim for death benefits under the workmen's compensation act was filed by the appellants as the surviving parents of Johnny F. Vines, who was killed in the course of his employment. The Commission found that the claimants had

been partly dependent upon their son's earnings and awarded each of them $1.00 a week for 450 weeks, which was ordered to be paid at the rate of $10 a week for 45 weeks. The circuit court affirmed the award. For reversal the claimants insist that the award should be fixed at $10 each for the full term of 450 weeks.

The Commission determined that the decedent's average earnings had been $25.00 a week, of which he had contributed about $15.00 to the support of his parents. That contribution represented about 16% of their total income. A wholly dependent parent is entitled to an award of 25% of the decedent's average weekly wage. Ark. Stat. Ann. § 81-1315(c) (4th) (Repl. 1960). In this case each parent was only 16% dependent; so the Commission reduced the award to 16% of 25% of the $25.00 weekly wage, or $1.00 a week for each parent. There is ample substantial testimony to support the Commission's findings of fact; so the appeal involves issues of law only.

The claimants make two contentions. First, it is argued that the statute makes no distinction between total dependency and partial dependency. Therefore, it is said, the Commission should not have reduced the award in the ratio of dependency. That argument would have been sound under our original compensation law, which referred merely to dependency without reference to its extent. Act 319 of 1939, § 15 (c) (5); *E. H. Noel Coal Co.* v. *Grilc,* 215 Ark. 430, 221 S. W. 2d 49 (1949). But, as we shall explain in a moment, the 1948 revision of the law contains provisions with respect to partial dependency. Hence the authorities cited by the appellants are no longer controlling.

Second, the claimants insist that a 1965 amendment to the compensation act fixed the minimum compensation at $10 a week. Ark. Stat. Ann. § 81-1310.1 (Supp. 1967). Hence it is contended that the Commission should not have reduced each claimant's award to $1.00 a week for 450 weeks.

This second point is the more difficult of the two. In determining the effect of the 1965 act, fixing minimum compensation at $10.00 a week, we must first examine the law as it existed at the time of the amendment.

Section 15 of the 1948 statute fixed the amount of compensation in death cases. Ark. Stat. Ann. § 81-1315. Subsection (c) contained a graduated scale of compensation for persons "wholly dependent" upon the deceased employee. With respect to partial dependency the 1948 revision added this new subsection:

> (i) Partial dependency. (1) If the employee leaves dependents who are only partially dependent upon his earnings for support at the time of injury, the compensation payable for such partial dependency shall be in the proportion that the partial dependency bears to total dependency.

> (2) In any claim for partial dependency where the average weekly contributions for support were not such as to entitle all dependents to compensation in the aggregate sum of seven dollars per week, such dependents shall receive compensation for a period not to exceed 450 weeks, in an amount not to exceed the amount of average weekly contributions of the deceased employee for the support of such dependents.

It will be seen that such section 15 (i) (2), just quoted, the legislature contemplated that partial dependents might receive less than the basic minimum compensation of $7.00 a week, with a proviso that the amount should not exceed the decedent's weekly contributions to the support of his partial dependents. That the minimum compensation for partial dependents might be less than $7.00 was made absolutely clear by section 10 (b) of the same statute, which fixed the overall minimum of $7.00 —subject to the exception that we have italicized in this quotation from the statute:

(b) Death. Compensation payable to the dependents for the death of an employee shall not exceed sixty-five per centum of the employee's average weekly wage at the time of the accident, and shall not be greater than thirty-five dollars per week, *nor less than seven dollars per week ( except as provided by section* 15 (*i*) (2) ). Ark. Stat. Ann. § 81-1310 (b).

Thus the explicit statement of an exception to the seven dollar minimum shows that the minimum was not intended to apply to a case in which the calculation of compensation for partial dependency produces an award of less than seven dollars a week.

We now turn to the 1965 amendment, which increased the overall minimum compensation from seven dollars a week to ten dollars a week. Act 54 of the First Extra Session of 1965; Ark. Stat. Ann. § 81-1310.1 (Supp. 1967). As we read that act, its sole purpose was to increase the maximum and minimum benefits under the workmen's compensation law. That is what the title of the act says. That is what the body of the act provides. That is what the emergency clause declares. The Commission so held.

We are unable to read into the 1965 act any legislative purpose to repeal that part of section 15 (i) (2) which makes it possible for partial dependents to receive less than the overall minimum compensation per week. To the contrary, the only effect of the 1965 statute upon section 15 (i) (2) was to substitute, by necessary implication, the sum of ten dollars per week for the pre-existing sum of seven dollars per week.

Our interpretation of the 1965 act is confirmed by the practicalities of the situation. If the $10.00 minimum were applied inflexibly in every case, demonstrable inequalities would unavoidably occur. A partially dependent parent who had received only $1.00 a week from his

son would be entitled to just as much compensation as another parent who had received ten times that much support from his son. Moreover, the minimum award of $10 a week might well exceed the decedent's contributions to the support of his partial dependents, despite the express provision in section 15 (i) (2) that the award is not to exceed those contributions. We conclude that the appellants' contentions cannot be sustained by even the most liberal construction of the statute.