Annie Mae WILLIAMS *v.* CYPRESS CREEK DRAINAGE, Employer, FARM BUREAU INS. CO., Ins. Carrier

CA 82-58                                      635 S.W.2d 282

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Baim, Baim, Gunti, Mouser & Bryant,* by: *Judith A. DeSimone,* for appellant.

*Laser, Sharp & Huckabay, P.A.,* for appellees.

MELVIN MAYFIELD, Chief Judge. This is an appeal from a decision of the Workers' Compensation Commission denying dependency benefits.

James Williams began working for Cypress Creek Drainage on June 13, 1980, and worked until he died in an accident on the job on August 6, 1980. At the time of his death, the decedent was 20 years old, unmarried, and left no surviving children. Annie Mae Williams, his mother, filed a workers' compensation claim for dependency benefits under Ark. Stat. Ann. § 81-1315 (Repl. 1976).

The administrative law judge held that appellant failed to prove that she was partially dependent on the decedent

but we are troubled by the law judge's opinion in which he took his definition of the word "dependent" from *Webster's Seventh New Collegiate Dictionary* instead of the Arkansas Workers' Compenstion Act and the appellate cases which have construed and interpreted that Act.

Since the commission specifically stated that it adopted the law judge's opinion as its own, we are forced to conclude that the decision appealed from was not based upon the law.

We, therefore, remand this matter for a determination based upon the law as we now review it.

In *Crossett Lumber Co.* v. *Johnson,* 208 Ark. 572, 187 S.W.2d 161 (1945), the court quoted with approval from a treatise on workers' compensation by Honnold as follows:

Partial dependency, giving a right to compensation, may exist, though the contributions be at irregular intervals and of irregular amounts, and though the dependent have other means of support, and be not reduced to absolute want.

In *Smith* v. *Farm Service Cooperative,* 244 Ark. 119, 424 S.W.2d 147 (1968), the court said, "Dependency is a fact question. It is to be determined in the light of surrounding circumstances." And the court quoted with approval from Larson's treatise on workers' compensation. The full paragraph from Larson now reads:

Partial dependency may be found when, although the claimant may have other substantial sources of support from his own work, from property, or from other persons on whom claimant is also dependent, the contributions made by the decedent were looked to by the claimant for the maintenance of his accustomed standard of living.

2 Larson's *Workmen's Compensation* § 63.12 (a) (Nov. 1981 Cum. Supp.).

A factor to be considered is the claimant's "reasonable

expectation of future support." *Roach Mfg. Co.* v. *Cole*, 265 Ark. 908, 582 S.W.2d 268 (1979); *Doyle's Concrete Finishers* v. *Moppin*, 268 Ark. 167, 594 S.W.2d 243 (1980). Obviously, the support being furnished at the time of the worker's injury is important but conditions prior to the injury should be considered, *Nolen* v. *Wortz Biscuit Co.*, 210 Ark. 446, 196 S.W.2d 899 (1946); a reasonable period of time should be used, *Smith* v. *Farm Service Cooperative;* dependency is not to be controlled by an unusual temporary situation, *Roach Mfg. Co.* v. *Cole.*

Also in the instant case, it would be appropriate to consider the amount of any contribution the decedent made to his mother's support in the light of the amount of any contribution she made to his support. *Pufahl* v. *Tamak Gas Products Co.*, 238 Ark. 895, 385 S.W.2d 640 (1965); *Sherwin-Williams Co.* v. *Yeager*, 219 Ark. 20, 239 S.W.2d 1019 (1951).

This matter is remanded for a decision based upon the law as set out above. We leave to the commission's discretion the question of whether another hearing should be had.

Remanded.

GLAZE, J., not participating.