PINECREST MEMORIAL PARK, INC., and NORTHWESTERN NATIONAL INSURANCE COMPANY *v.* Margaret Ann MILLER, Widow of Colver L. MILLER, Deceased

CA 82-391                                              646 S.W.2d 33

Court of Appeals of Arkansas
Opinion delivered February 16, 1983

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* by: *Ralph R. Wilson,* for appellants.

*John L. Johnson, P.A.,* for appellee.

GEORGE K. CRACRAFT, Judge. The sole issue in this workers' compensation case is whether a widow who was working and making substantial contributions to the household expense prior to her husband's compensable death is entitled to maximum benefits under Ark. Stat. Ann. § 81-1315 (c) (Supp. 1981) or should be restricted to those benefits provided for partial dependency under § 81-1315 (i) (Repl. 1976). On undisputed testimony the Commission found that Margaret Ann Miller and Colver L. Miller were legally married and lived together at the time of his work-related death while he was in the employ of Pinecrest Memorial Park, Inc. At the time of his death his wife was earning a salary of $1500 per month and he was earning $250 per week. They pooled their salaries in a joint bank account

from which all household and living expenses were paid. According to the wife her husband's income was necessary to maintain her in the manner to which she had become accustomed and the loss of his income would detrimentally affect her standard of living.

The appellants contend that because the deceased earned only 45% of the combined family income, the claimant was entitled to only 45% of the maximum benefits as a partial dependent under Ark. Stat. Ann. § 81-1315 (i) (Repl. 1976). The Commission ruled that the degree of dependence established was sufficient under the statute and our case law to require the award of maximum benefits. We conclude that the Commission was correct in this ruling and that their finding that the widow was wholly and actually dependent upon the deceased is supported by substantial evidence.

Prior to 1976 our Workers' Compensation Act provided death benefits to those who were "wholly dependent" upon the deceased worker. In *Chicago Mill and Lumber Company* v. *Smith,* 228 Ark. 876, 310 S.W.2d 803 (1958) the court held that a wife or a child who was not being supported by the decedent at the time of his death could be "wholly dependent." In defining that term the court said:

> It would be possible to construe this provision of the Act as depriving a widow or child of any compensation when, as here, the husband and father was completely void of any sense of his family obligation. But it is a rule that remedial legislation shall be liberally construed. *We believe the Legislature used the term 'wholly dependent' in the sense of applying to those ordinarily recognized in the law as dependents, and this would certainly include wife and children.* (Emphasis supplied)

*Smith* declared what amounted to a conclusive presumption that a wife and child were "wholly dependent" upon a deceased worker by virtue of their legal status. In 1976 the Legislature amended Ark. Stat. Ann. § 81-1315 (c) to read as follows (1976 changes emphasized):

81-1315. Compensation for death. — (a) * * *

(c) [Beneficiaries — Amounts.] Subject to the limitations as set out in Section 10 [§ 81-1310] of this Act, compensation for the death of an employee shall be paid to those persons who were wholly *and actually* dependent upon the deceased employee in the following percentage of the average weekly wage of the employee, and in the following order of preference.

First. To the widow if there is no child, thirty-five percent (35%), and such compensation shall be paid until her death or remarriage. *Provided, however, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein.*

To the widower if there is no child, thirty-five percent (35%), and such compensation shall be paid until his death or remarriage. *Provided, however, the widower shall establish, in fact, some dependency upon the deceased employee before he will be entitled to benefits as provided herein.*

Second. To the widow or widower if there is a child; the compensation payable under First above and fifteen percent (15%) on account of each child.

Third. To one child if there is no widow or widower, fifteen percent (15%) for each child, and in addition thereto, thirty-five percent (35%) to the children as a class, to be divided equally among them.

. . . .

(i) Partial dependency. (1) If the employee leave dependents who are only partially dependent upon his earnings for support at the time of injury, the compensation payable for such partial dependency shall be in the proportion that the partial dependency bears to total dependency.

In *Roach Mfg. Co.* v. *Cole,* 265 Ark. 908, 582 S.W.2d 268 (1979) the court interpreted those changes in light of its prior definition of the words "wholly dependent":

We assume — under our settled law we must assume —that the Legislature, in deciding to amend the statute, knew the meaning that we had attributed to 'wholly dependent.' . . . . *It unavoidably follows that the addition of the word 'actually' was intended to change what amounted to a conclusive presumption of dependency under our prior cases. It follows at least that when, as here, the widow and child were not living with the employee at the time of his death, there must be some showing of actual dependency. (Emphasis supplied)*

*In Roach* a deceased father had not supported his wife or child for eleven months preceding his death. As the wife and child were not living with the employee at the time of his death, there was no presumption of dependency and there was a requirement of some showing of actual dependency. The Commission found that the child had a "reasonable expectation of future support" and awarded her maximum benefits under the Act. The Commission also found, however, that the wife had not established dependency to any degree and denied her benefits. The Supreme Court affirmed both findings.

In *Doyle's Concrete Finishers* v. *Moppin*, 268 Ark. 167, 594 S.W.2d 243 (1980) a minor child living with his divorced mother was receiving child support from the father of $108 per month, an amount not sufficient for his total support. The Commission found him to be entitled to maximum benefits. The court pointed out that if in *Roach* a child who received no financial support was entitled to maximum benefits it "must be said that a child who receives some financial support should be entitled to no less than maximum benefits." There was no widow in *Moppin* because the child's mother and the deceased were divorced. However, certain observations contained in that decision are pertinent here. In *Moppin*, after pointing out the changes made in the death benefits section by the 1976 amendment, the court made the following statement:

Summarizing, the Act was amended to require (1) the purported dependent to be wholly 'and actually' de-

pendent on the deceased, and (2) the widow to 'establish, in fact, *some dependency* upon the deceased employee before she will be entitled to benefits as provided herein.' (Emphasis supplied)

The court emphasized that in *Roach* it was held that when the widow and child are not living with the employee at the time of his death, there must be some showing of actual dependency to support an award of full benefits. In *Moppin*, as in *Roach*, the claimant was not living with the deceased employee at the time of his death.

The language used in *Roach* and *Moppin* was carried forward in the subsequent cases of *Continental Insurance Co. v. Richards, Adm'r*, 268 Ark. 671, 596 S.W.2d 333 (1980); *Porter Seed Cleaning, Inc. v. Skinner*, 1 Ark. App. 230, 615 S.W.2d 380 (1981); *Bankston v. Prime West Corporation*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981). This line of cases has made it clear that "at least in situations where the surviving spouse or child is living apart from the deceased at the time of his death" the test of "wholly dependent" is met by proof of that legal status and that "actually dependent" does not require a showing of total dependence. A finding of some measure of actual support or a reasonable expectation of it will suffice. Whether this "actual dependence" exists is a question of fact for the Commission to determine.

In *Moppin, Continental* and *Porter Seed*, although the claimants were living apart from the deceased parent, there was no claim made by a surviving widow. In *Roach* and *Bankston* the surviving widows, though living apart from their husbands, did not show any measure of actual support or a reasonable expectation of it. In *Swafford v. Tyson's Foods, Inc.*, 2 Ark. App. 343, 621 S.W.2d 862 (1981) we reviewed for the first time a case involving a claim of a surviving spouse who was living with and dependent in some degree upon the deceased spouse at the time of death. There the deceased spouse was a wife whose earnings constituted at least 50% of the total family income. It was shown that the surviving spouse could not maintain the household in the manner to which he had been accustomed upon his earnings alone. The Commission found he had

some dependency upon the deceased employee and that he had therefore met the test of "actually dependent" and we affirmed.

We conclude from these cases and from a reading of the statute that the Commission need only find some dependency upon the deceased employee to entitle his widow to the maximum benefits provided for in the Act. The fact that the husband was not the sole support of his wife does not subject her to the section of the Act providing benefits for partial dependents. There was evidence in this case that the husband was contributing a substantial portion of the family income and the wife was not able to maintain her accustomed station in life without that income provided by him. There was evidence that the loss of his wages detrimentally affected her station in life. This evidence alone would support a finding of fact of some dependency upon him. A showing of actual dependency does not require proof that without the husband's contribution she would lack the necessities of life but only that the decedent's contributions were relied upon by the claimant to maintain her accustomed mode of living. *Smith* v. *Farm Services Cooperative*, 244 Ark. 119, 424 S.W.2d 147 (1968); *Williams* v. *Cypress Creek Drainage*, 5 Ark. App. 256, 635 S.W.2d 282 (1982); 2 Larson, *Workmen's Compensation Law*, § 63:11.

We affirm.

GLAZE, J., not participating.