HIXSON COAL CO. *v.* FURSTENBERG, ADMX.

5-752                                          284 S. W. 2d 120

Opinion delivered November 21, 1955.

[Rehearing denied December 19, 1955.]

*Rose, Holland & Holland,* for appellant.

*G. L. Grant* and *Luke Arnett,* for appellee.

LEE SEAMSTER, Chief Justice.   The Arkansas Work-men's Compensation Commission rendered an opinion, whereby Frank H. Furstenberg, was awarded benefits under the provisions of the Arkansas Workmen's Com-pensation Act.   The award of benefits was predicated upon a finding that Furstenberg contracted silicosis, an occupational disease, while in the employment of the Hixson Coal Company, appellant herein.   On appeal to the Logan Circuit Court, Northern District, the action of the Commission was affirmed.   Upon appeal to this court, it is the contention of the appellants that Frank H. Furstenberg did not contract silicosis while working in the Hixson Mine, nor was he subjected to his last in-jurious exposure to the hazards of such occupational dis-ease, while working in the Hixson Mine.   The appellants also earnestly insist that Furstenberg's claim is barred by the statute of limitations, since Furstenberg did not give notice of the injury to Hixson, as required by law.

Shortly after this cause was appealed to this court, Frank H. Furstenberg died.   This cause is revived

against Theodora Furstenberg, administratrix of the estate of Frank H. Furstenberg, appearing as appellee herein.

The record reveals that Frank H. Furstenberg had worked in coal mines since 1905. He was employed by the Watson Coal Company from 1936 to 1946, at which time the Hixson Coal Company took over the operation of the Watson Coal Company. Furstenberg continued to work for the Hixson Coal Company until December of 1949; when he terminated his employment with Hixson and went to work for the Sims Coal Company, as a pumper. On November 7, 1950, he terminated his employment with the Sims Coal Company, where he was employed as a pumper and was subjected to little, if any, dust. Shortly thereafter, he went to work for the Jewel Mining Company, in the capacity of a wall boss. He was compelled to terminate this employment on March 15, 1951, when the disabling effects of silicosis rendered him totally disabled.

It is generally conceded that Furstenberg became afflicted with silicosis while engaged in his occupation as a coal miner. The question before the Commission was not whether Furstenberg had silicosis, but where he received his last *injurious exposure* to the disease. In silicosis, the injury may occur many years before the disease becomes manifest, as the accumulated effects of the deleterious substance are of a slow, insidious nature.

After a careful review of the record, it is apparent that Furstenberg became afflicted with his silicotic condition, prior to the time of his employment with the Jewel Mining Company. There is ample competent evidence in the record to show that the disease was actually incurred in his employment with the Hixson Coal Company, even though disablement did not occur until March 15, 1951. Furstenberg had acquired enough *harmful quantities* of the silica dust by December, 1949, so as to produce or cause the disease for which claim is made in this case. There is evidence that he was last *injuriously exposed* to

the hazards of such disease, in December of 1949, while in the employment of the Hixson Coal Company.

Furstenberg testified that for approximately two years prior to his termination of employment with appellant, Hixson Coal Company, he was bothered with breathlessness; it progressed to such an extent that he could not walk out of the Hixson Mine without resting, and finally got to the point that it became necessary to ride out, being unable to walk. This testimony was corroborated by the statements that Furstenberg made in 1949, to the Veterans Administration, in his application for non-service connected disability benefits. These statements were to the effect that he was compelled to terminate his employment with the Hixson Coal Company, due to the fact that his physical condition had progressed to a point that he was unable to perform his work in the Hixson Mine. Furstenberg, at this time, was of the opinion that his breathlessness was caused by asthma.

Furstenberg was admitted to the Arkansas Tuberculosis Sanatorium on March 26, 1951. After an examination, he was classified as a case of far advanced tuberculosis and silicosis. In the doctor's opinion, Furstenberg was totally and permanently disabled. Subsequent examinations were made by other qualified doctors, and in each instance he was diagnosed as being totally disabled by reason of silicosis. Competent medical reports disclose the beginning of the silicotic condition in 1943; which, at that time, was not disabling. Continued exposure and inhalation of the silica dust brought on the progression of the disease.

From a review of the record, we are unable to say that there was no substantial evidence to support the findings and action of the Arkansas Workmen's Compensation Commission. We have many times held that the Workmen's Compensation Law should be broadly and liberally construed, and that doubtful cases should be resolved in favor of the claimant. The rule is firmly established that the findings of the Commission, which

is the trier of the facts, will not be disturbed on appeal if supported by substantial evidence. *Meyer* v. *Seismograph Service Corp.,* 209 Ark. 168, 189 S. W. 2d 794; *Harris Motor Company* v. *Pitts,* 212 Ark. 145, 205 S. W. 2d 21; *Triebsch* v. *Athletic Mining & Smelting Co.,* 218 Ark. 379, 237 S. W. 2d 26.

The claim was filed within the time prescribed by statute, therefore, the appellants' last contention that the claim is barred by statute is without force and cannot be sustained.

Affirmed.