TRAVELERS INSURANCE COMPANY
*v.* Steve HEIDELBERGER

CA 79-60                                    593 S.W. 2d 70

Opinion delivered January 9, 1980
Released for publication January 30, 1980

*Southern & James,* for appellant.

*Mike J. Etoch, Jr.,* for appellee.

M. STEELE HAYS, Judge. This is an appeal of a worker's compensation case. The Administrative Law Judge awarded benefits for medical expenses and temporary total disability for a period of ninety days while claimant was recuperating from an ulcer condition. On appeal to the Full Commission, the opinion of the Administrative Law Judge was affirmed with one Commissioner dissenting. The respondent-carrier appeals from the award of the Full Commission.

The claimant is 47 years old and has been employed by Mohawk Rubber Company at Helena for some 19 or 20 years as a bead insulator operator. His stomach trouble was recognized about the middle of March of 1978. Claimant was hospitalized for approximately two weeks and was off an additional three weeks before returning to work. Claimant returned to work feeling well, but the condition flared up again, and he returned to the doctor for treatment in July. Believing his job was affecting him, claimant took three weeks of earned vacation time and felt better but when he returned to work, ''job related tension'' caused the ulcer to flare up. Claimant testified that the job was not the cause of his ulcer but that it did cause the condition to flare up.

Claimant's job as a bead operator was described by him as one requiring very exacting performance using a complicated machine that was often inoperative. Additionally, the entire plant was dependent on the successful operation of the machine. Claimant's testimony was that his family life was happy and content and that aside from the plant, he knew of nothing that caused him irritation and stress.

Appellant contends on appeal that there is no substantial evidence to support the award and that claimant failed to prove causation of an injury arising from the employment.

As to the substantial evidence argument, we agree with appellant that the evidence that claimant's condition was caused by his employment is very nearly lacking in substantiality. However, while we agree with appellant and the dissenting commissioner that claimant's testimony is of no probative value as to causation, his testimony regarding the stress and pressures of his job and its effect upon him is relevant and is of evidentiary value. Taken alone, it would

fall far short of meeting the quantum of proof required, even in the worker's compensation cases, but it is not alone, for there is the testimony of Dr. James R. Rasch, a physician selected by the appellant solely for the purpose of examining the claimant, and it supplies the degree of medical opinion to support the award.

Appellant argues that Dr. Rasch's testimony fails to state that claimant's condition was work related to a "reasonable medical certainty," but it is clear from a careful reading of Dr. Rasch's testimony in its entirety that he attributes claimant's condition to his employment. Dr. Rasch is a specialist in internal medicine and obviously familiar with peptic ulcer disease and its etiology. Speaking generally of ulcer disease, Dr. Rasch stated: "There are a number of factors that undoubtedly contribute to ulcer diseases, certainly stress is a significant factor. We know there is a definite association between the emotional center and the gastrointestinal tract in particular, peptic ulcer disease. (Portion omitted) . . . but we feel that this is a big relationship between environmental factors and stress and this is something that is difficult to determine objectively. *But, it is definite.*"

Speaking specifically of claimant, Dr. Rasch stated:

Q. Doctor, in your reports you give a possibility of several causes. It's not your opinion that the work is the only cause, is it.

A. That would be the only cause that I could put my finger on. Obviously there was something in the work situation, that caused him enough emotional strain that his ulcer reactivated. If there were other factors, we couldn't identify them, as I specifically tried to identify circumstances and his family ties, his family life circumstances with respect to his finances, anything I might be able to put my finger on, that would be contributory and I couldn't get any leads. I think it also was, that I mentioned when his physician recommended that he stay off from work, that he healed up.

Later, Dr. Rasch stated:

Q. I believe you said that job related stress and strain is a very definite causal connection . . . in peptic ulcers. Is that not true. Is that the way I interpret it to be correct.

A. Right, I believe there is.

Q. Speaking in this specific case, is this your feeling that the stress and the strain that you found him to relate to his job was a causal connection with regard to the ulcers that he had.

A. As I wrote in the comments, most likely.

Additionally, Dr. Rasch's viewpoint is supported by another medical opinion, as the record contains a written report from Dr. J. H. Barrow of Helena dated July 13, 1978, which, though brief, reflects an opinion on his part that claimant had a partial obstruction due to an ulcer which was the result of work related tension.

We find this evidence to be sufficient. It might be added that if there were unresolved doubts as to causation, it seems clear that the evidence present in this record would suffice as a matter of aggravation. It has been said repeatedly in the decisions of this state that the law does not require that a claimant be compelled to offer proof to a mathematical certainty. *Herron Lumber Company* v. *Neal,* 205 Ark. 1098 (1943). In *Neal* the court said:

The rule as to the quantum of proof necessary to sustain an award in a case of this kind is thus expressed in 71 C.J.S. 1087: In determining the sufficiency of evidence, doubts should be resolved in favor of claimant, and the evidence should be reasonably and liberally construed in his favor.

That approach to worker's compensation cases is firmly established in this state. *Hixson Coal Company* v. *Furstenberg,* 225 Ark. 568, 284 S.W. 2d 120 (1955); *American Casualty Company* v. *Jones,* 224 Ark. 731, 276 S.W. 2d 41 (1955).

Appellant argues that there is an absence here of a specific traumatic incident to which claimant's ulcerated condition could have been found as related in a natural and continuous sequence of events. It is true that a number of jurisdictions have held that to be compensable, an injury must have occurred either with suddenness, or as a result of an isolated episode or trauma, and there is a lack of uniformity in decisions dealing with this issue. 99 C.J.S. *Workmen's Compensation* 165, et seq. However, Arkansas has taken the more liberal route in this regard, *Murch-Jarvis Company Inc.* v. *Townsend,* 209 Ark. 956, 193 S.W. 2d 310 (1946), and has adhered to it faithfully in the cases following *Murch-Jarvis* [See *Batesville White Lime Company* v. *Bell,* 212 Ark. 12 (1947); *Triebisch* v. *Athletic Mining & Smelting Compnay,* 218 Ark. 379 (1951); *Scobey, Adm.* v. *Southern Lumber Company,* 218 Ark. 671 (1951); *Stanhouse & Sons, Inc.* v. *Simms,* 224 Ark. 861 (1954).]

In *Murch-Jarvis,* the claim arose from the gradual inhalation of dust and fumes with resulting bronchial problems. The respondent argued that claimant did not suffer an accidental injury because no definite date or occasion could be fixed as to when the aggravation occurred, citing Professor Schneider, Vol. 4, Perm. Ed., p. 387 ("Diversity of opinion exists as to what constitutes the customarily required definite time and place of an accident. On this question expressions of the courts may vary from the statement that accidents do not happen all day to decisions to the effect that it may require as much as six months for an accident to culminate in an injury. A reasonably definite time is all that is required.") The court held that the condition was accidental within the Arkansas Workers' Compensation Act.

In *Batesville White Lumber Company,* the claimant was upheld based on breathing in dust over a period of years. The opinion quoted with favor the case of *McNuley* v. *Carolina Asbetos Company,* 206 N.C. 568; 174 S.E. 509, in which

pulmonary diseases followed five months exposure to asbestos dust.

In *Scobey, supra,* the claimant's death was shown to be the result of carcinoma of the lungs attributable, according to some testimony, to breathing in emery dust. The court said that because it took the cancer a year and a half to kill claimant does not make it any less an accident.

Finally, in *Stanhouse, supra,* claimant suffered from emphysema of the chest, gradually acquired from work conditions. In upholding an award of compensation, the court commented:

> In construing the Workmen's Compensation Act, our cases are precise to the point that in this jurisdiction we do not require an injured workman to point specifically to a single incident before he can be heard before the Commission or our Courts. We have long adhered to the rule that an accidental injury may stem not only form a specific incident or a single impact, but also may result by a continuation of irritation upon some part of the body.

For the reasons stated above we find that there is substantial evidence that claimant sustained an accidental injury and, therefore, we affirm the Commission's holding.